UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------

CAROLINE S. CROFT,

                            Plaintiff,                    **NOTICE OF CROSS-MOTION**

            -vs-                                          Case No. 08-Civ-3078

MERCK & CO., INC.,

                            Defendant.
--------------------------------------------------------------------

PLEASE TAKE NOTICE that upon the attorney affirmation of Ronald R. Benjamin, dated the

10th day of April, 2008, and the Defendant's Notice of Removal and exhibits, and the accompanying

Memorandum of Law, dated April 10, 2008, and upon all the pleadings and prior proceedings heretofore

had, served and/or filed herein, plaintiff will cross-move this Court, before the Honorable George B.

Daniels at a date to be set by the Court, in the United States Courthouse for the Southern District of New

York,  for an order pursuant to 28 U.S.C. §1447(c) remanding this action back to the New York State

Supreme Court for the County of New York from which it was improperly removed by defendant Merck

& Co., Inc., on the grounds of alleged fraudulent joinder and other allegations of tactically avoiding

removal, and will seek such other and further relief as is just and proper.

Dated: April 10, 2008
       Binghamton, New York

                                        _____
                                        RONALD R. BENJAMIN   Fed. Bar No. 101131
                                        LAW OFFICE OF RONALD R. BENJAMIN
                                        Attorneys for Plaintiff
                                        126 Riverside Drive, P. O. Box 607
                                        Binghamton, New York 13902
                                        607/772-1442

TO:    Theodore V. H. Mayer, Esq.
       Vilia B. Hayes, Esq.
       Robb W. Patryk, Esq.
       HUGHES HUBBARD & REED LLP
       Attorneys for Defendant Merck & Co., Inc.
       One Battery Park Plaza
       New York, New York 10004-1482

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
CAROLINE S. CROFT,

                      Plaintiff,

     -vs-

MERCK & CO., INC.,

                    Defendant.
-------------------------------------------------------------------

**ATTORNEY AFFIRMATION**

Case No. 08-Civ-3078

| STATE OF NEW YORK | ) |
|---|---|
| | ) ss: |
| COUNTY OF BROOME | ) |

    RONALD R. BENJAMIN, an attorney duly admitted to practice in the State of New York,

hereby affirms under penalty of perjury as follows:

    1.  I am the attorney for the plaintiff and make this affirmation in support of plaintiff's

opposition to the defendant's motion to stay the proceedings pending a decision on transfer by the

Judicial Panel on Multi-District Litigation.

    2.  This affirmation further supports the plaintiff's instant cross-motion to remand this action

back to the New York State Supreme Court for the County of New York from which it was removed

by defendant Merck & Co., Inc., on the grounds of alleged  tactical avoidance of removal, which

appears to also suggest fraudulent joinder.

    3.  Plaintiff was originally named in the caption of a multi-plaintiff action filed on May 4,

2005,  in the Supreme Court of the State of New York for the County of New York, entitled <u>Helen</u>

<u>Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Gerald M. Alapeck, Dean Santacrose, and</u>

<u>Stasia Simmons v. Pfizer, Inc., Pharmacia Corporation, a wholly-owned subisidiary of Pfizer, Inc.,</u>

<u>and Pharmacia & Upjoihn Company, a wholly-owned subsidiary of Pharmacia Corporation, and</u>

<u>Merck & Co.,</u> Index No. 106237/05, as confirmed by Merck's Acknowledgment of Service, annexed

hereto as **Exhibit A.**

4. By Administrative Order dated April 14, 2006, all cases seeking damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes. *See Administrative Order, annexed as last document in Merck's Ex.4., at page 1.*

5. Plaintiffs in multi-plaintiff complaint captions were required to file separate actions by the prior orders of the Honorable Helen Freedman (*see copies of orders annexed hereto as **Exhibit B***), and for that reason, plaintiff commenced a separate action by filing of the complaint with the New York Supreme Court for the County of New York on August 11, 2006. *See Complaint annexed as Exhibit 1 to Notice of Removal*

6. As Merck appears to concede in its moving papers, it did not seek to remove the original complaint during the one-year period after it was filed, nor the separate complaint during the one-year period after it was filed.

7. On its face, the complaint alleges product liability and fraud claims against defendant Merck & Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and Celebrex. *Id., at paras. 15-16.* It is clear from the complaint that plaintiff alleged indivisible injury based on the same personal injury risks posed by these two drugs.

8. The complaint alleges plaintiff "ingested the drug Celebrex in or about 1999 to 2000, as directed by her physicians and in accordance with the respective manufacturer's instructions." *Complaint, Merck Ex. 1, at para. 16.* Her ingestion of Celebrex at the 200 mg daily dose in 1999 to 2000 is documented in medical records. *See **Exhibit C.***

9. On the face of the original multi-plaintiff complaint and the instant separate action complaint, it is clear plaintiff did not sue any physician, salesman distributor or fictitious John Doe;

rather, they confirm she sued as co-defendants only the manufacturers of the other Cox-II inhibitor

drugs plaintiff ingested, manufactured and marketed by Merck's competitor, Pfizer

10.    Further, the complaints allege both the plaintiff and defendant Pfizer are citizens of the

State of New York *(Notice of Removal, at para. 5)*, and defendant's removal papers do not in any

respect indicate there is any evidence that defendant Pfizer is not a citizen of New York State as

alleged in the complaint at the time of filing.  Instead, defendant Merck appears to concede diversity

of citizenship was not a basis for federal jurisdiction in this case at the time either the original or

amended complaint was filed, and claims the Stipulation that discontinued plaintiff's claims against

its co-defendant Pfizer almost three years later was some kind of "tactical avoidance."

11.    Merck is or should be fully aware there is ongoing nationwide litigation against the

Pfizer defendants, as well as multidistrict litigation, and that on November 19, 2007, the Honorable

Charles R. Breyer issued an opinion holding that the "plaintiffs have not presented scientifically

reliable evidence that Celebrex causes heart attacks or strokes when ingested at the 200 milligram a

day dose."  IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND

PRODUCT LIABILITY LITIGATION (MDL No. 1699), 524 F. Supp. 2d 1166, 1169, 2007 U.S.

Dist. LEXIS 85382 at *40 (N.D.CA 2007).

12.    Judge Breyer's order came within days after the Compliance Motion Order entered by

Special Master Fern M. Smith cited by Merck, which required expedited compliance with discovery

requirements of Case Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the*

*Notice of Removal.*  However, it is clear Judge Breyer's decision intervened and had a clear impact

on the viability of the plaintiff's claims based on her ingestion of Celebrex.

13.    Indeed, thereafter, Pfizer filed a motion for failure to comply with Judge Smith's

expedited order, and it was not until March 5, 2008, that plaintiff's counsel signed the Stipulation of

Dismissal with Prejudice Against Pfizer Defendants. *See Stipulation annexed as Ex. 2 to Notice of Remand.*

14. However, it is significant that, on February 25, 2008, prior to executing the Stipulation, counsel for plaintiff filed a cross-motion for an extension of time based on the fact that "Judge Breyer's decision and the overlapping events...have clearly raised significant issues as to the likelihood of success of each of the plaintiff's claims [based on Celebrex]" which required him to evaluate the individual claims and identify claims that should be discontinued and advise the plaintiffs of the same. *See annexed hereto as **Exhibit D**, Attorney Affirmation (without exhibit) in support of cross-motion, at paras. 6-7.*

15. In view of the aforesaid matters confirming there was no fraudulent joinder or tactical avoidance that supports removal beyond the one-year period, it is respectfully requested that this Court should DENY the defendant's motion for a stay since the rules provide plaintiff without thirty days within which to file a motion to remand, and this Court is the only court that currently has jurisdiction over this case.

16. Moreover, this Court should GRANT the plaintiff's cross-motion to remand this action to the New York State Supreme Court for the County of New York, in the coordinated litigation before Judge Kornreich which will obviate the transfer of this case.

Dated: April 10, 2008
      Binghamton, New York

RONALD R. BENJAMIN Fed.Bar No. 101131
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442

# Exhibit

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
HELEN BILIK, ELIZABETH BOONE, MARY J.
MAHAR, CAROLYN S. CROFT, GERALDINE M.
ALAPECK, DEAN SANTACROSE, and STASIA
SIMMONS,

                    Plaintiffs,

            -against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER,
INC., and PHARMACIA & UPJOHN COMPANY,
a wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                    Defendants.
------------------------------------X
TO:   Merck & Co., Inc.
      One Merck Drive
      P.O. Box 100 WS3AB-05
      Whitehouse Station, New Jersey 08889-0100

ACKNOWLEDGMENT OF RECEIPT BY MAIL
OF SUMMONS AND COMPLAINT
Index No.: 106237/05
Date Filed: May 5, 2005

I received a summons and complaint in the above captioned matter at _____

Please check one of the following:

1.   [X]  I am not in the military service.

2.   [ ]  I am in the military service, and my rank, serial number and branch of service are as
follows:

      Rank:_____

      Serial Number:_____

      Branch:_____

          TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

      Date: May 25, 2005
            (Date this Acknowledgment is executed)

      I affirm the above as true under penalty of perjury.

Signature: Vilia B. Hayes

Print Name: VILIA B. HAYES

Address: HUGHES HUBBARD + REED LLP
         One Battery Park Plaza, NY NY 10004

Name of Defendant for which acting: Merck + Co, Inc.

Position with Defendant for which acting (i.e., officer, attorney, etc.)
_____

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
HELEN BILIK, ELIZABETH BOONE, MARY J.
MAHAR, CAROLYN S. CROFT, GERALDINE M.
ALAPECK, DEAN SANTACROSE, and STASIA
SIMMONS,

                Plaintiffs,

    -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC.,
and PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                Defendants.
------------------------------------X

**STATEMENT OF SERVICE BY MAIL**
Index No.: 106237/05
Date Filed: May 4, 2005

TO:    Merck & Co., Inc.
      One Merck Drive
      P.O. Box 100 WS3AB-05
      Whitehouse Station, New Jersey 08889-0100

    The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

    To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

    If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint in any other manner permitted by law, and the cost of such service as permitted by law may be entered as a judgment against you.

    If you have received a complaint with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult an attorney, you should do so as soon as possible before the twenty (20) days.

    If you are served on behalf of a corporation , unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

    It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgment.

Dated: May 12, 2005
      Binghamton, New York

                                  *Ronald R. Benjamin*
                                RONALD R. BENJAMIN, ESQ.
                                LAW OFFICE OF RONALD R. BENJAMIN
                                Attorney for Plaintiffs
                                126 Riverside Drive
                                P.O. Box 607
                                Binghamton, New York 13902-0607
                                (607) 772-1442

RECEIVED
MAY 1 6 2005

**Exhibit**

**B**

**SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY**

PRESENT: _Helen E. Freedman_                    PART 39
                    *Justice*

Dixson, C

                                        INDEX NO. _101551/05_

                                        MOTION DATE _____

- v -                                   MOTION SEQ. NO. ___01___

Pfizer                                  MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                                    | PAPERS NUMBERED |
|------------------------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...                   | _____ |
| Answering Affidavits — Exhibits _____                                     | _____ |
| Replying Affidavits _____                                                | _____ |

**Cross-Motion:**    ☐ **Yes**    ☐ **No**

Upon the foregoing papers, it is ordered that this motion to dismiss by Pfizer et al is granted with leave to replead in separate actions. Plaintiff's Counsel may not join six plaintiffs in a single action and then set forth claims in non specific generalities. New ~~claim~~ Complaints shall specify which drug, how long ingested, what specific misrepresentations were made and to whom and specify claim injuries and damages GBL 349 claim will probably be dismissed permanently.

Dated: _9/2/05_                    _____
                                                J.S.C.

Check one:    ☐ **FINAL DISPOSITION**    ☐ **NON-FINAL DISPOSITION**

Check if appropriate:    ☐ **DO NOT POST**    ☐ **REFERENCE**

TION/CASE IS RESPECTFULLY REFERRED TO JUS  'E
FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____Freedman_____ PART 39
                    _Justice_

Bartlett, J

- v -

Pfizer Inc

| | |
|---|---|
| INDEX NO. | 116111/04 |
| MOTION DATE | |
| MOTION SEQ. NO. | 01 |
| MOTION CAL. NO. | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits _____ | |
| Replying Affidavits _____ | |

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion To dismiss the within complaint is granted. Plaintiff's counsel may not join five separate plaintiffs in a single complaint.

Each of the plaintiffs must file a separate complaint specifying exactly what the claims are as to each plaintiff and what the damages are as to each one. The Court will then decide whether the new causes of action complaints are to be dismissed as per Judge Soto's decision. As stated in other cases, the GBL 349 claim is dismissed.

                                                    TKD

Dated: _____4/8/05_____

                                                    J.S.C.

<div style="writing-mode: vertical">MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):</div>

Check one: ☐ FINAL DISPOSITION  ☒ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST  ☐ REFERENCE

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: *Helen E. Freedman*
_____
            **Justice**

PART 39

Bates, E

- v -

Pfizer, Inc

INDEX NO. 114938/04

MOTION DATE _____

MOTION SEQ. NO. 61

MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:** ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion by defendant Pfizer et al to dismiss the claims set forth in plaintiff's Complaint is denied except as to GBL § 349.

This is one of many cases in which a plaintiff took Celebrex Cox 2 inhibitors and suffered a stroke which may or may not have resulted from or been contributed to by ingestion of these pharmaceuticals. While Vioxx has been implicated more often than Pfizer's celebrex, and both were used here, these drugs are part of mass tort claims.

To dismiss individual causes of action at this stage would not advance the litigation. Although New York recognizes the informed or learned intermediary defense as set forth in Martin v. Hacker, 83 N.Y 2d 1, there may be

Dated: _____

_____
                                J.S.C.

Check one: ☐ FINAL DISPOSITION   ☑ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST   ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE

FOR THE FOLLO... NG REASON(S):

evidence here that the extensive advertising of both of these drugs to the public renders that defense less viable than it has been the past.

As to the warranty and design defect claims the Court will reserve decision. Other claims are adequately set forth except for the GBL 349 claim.

GBL § 349 is designed to prevent deceptive practices towards consumers that cause economic injury. A plaintiff must show a deceptive practice on which she relied, aimed at the general public, and which caused economic injury. Under the facts pled here, that did not occur, and for that reason the GBL claim is dismissed.

9/2/05

**Exhibit**

**C**

FAMILY PRACTICE CENTER

## PROGRESS RECORD

| D. PROBLEM SOAP | NOTE | NAME |
|---|---|---|

Croft, Carolyn    4127865

081999

BP check and other complaints.  See above.

O

BP 140/94 sitting, 120/92 standing.  Taking ZESTRIL.  Under stress at work and outpt monitoring it is not as high.  AAO, NAD.  HEENT NC/AT, TMs clear bilat, nose slight congestion, no discharge appreciated and no sinus pressure noted.  Posterior pharynx clear with some slight p.n.d.  Neck supple, no adenopathy. Heart regular without ectopy or murmur.  Abd obese, soft, nontender, + bowel sounds.  No palpable masses. Ext no tenderness or decreased ROM to the lower ext.  Some joint tenderness around the left knee but no signs of effusion.  Peripheral pulses intact.  No edema and light touch is intact.

A

RHM

P

Lab slip for mammogram which has not been done.  Get chol check, hepatic panel and CBC – slip given prior.

A

Hypertension

P

Continue on ZESTRIL, 6 week samples provided.  BP in good control until this point.

A

Obesity

P

Failed F/U with dietician after receiving a phone call.  Appt set up and she was unable to make this and never rescheduled.  Encouraged to do so.

A

Arthritis left knee and hip

P

Symptoms mostly in the evening.  Taking 3 ALEVE at night to help with pain.  Stop doing this, gave her CELEBREX 200mg 1 P.O. q.d. for 8 days to see if this helps symptoms.  Samples provided.

A

Seasonal allergies

P

Given samples of ALLEGRA 1 P.O. b.i.d, 2 weeks supply given.  F/U in 2 weeks to re-eval symptoms and review blood work and mammogram.

Dr. Bean/tm

9/1/99  Nutrition Services – Received referral for Nutrition Services 6/30/99 – pt was given an app't which she cancelled and did not reschedule.  Mailed letter enc. pt to reschedule app't.  Deb Daniels, RD, CDr

Jnited
Jnited
Health Services
Ios  ls

**FAMILY PRACTICE CENTER**

**PROGRESS RECORD**

| DATE PROBLEM SOAP | NOTE | NAME Caralyn Craft |
|---|---|---|
| 7/2/99 | Per Dr. Bean - Called to the Pharmacy Elavil 25mg po ī HS #30 RF x 2. Also Samples of Celebrex 100 mg Given Sig. II po qd 07/1/99 (2/w supply) | |
| 7/23/99 | Cancelled ā Dr. Bean | |
| 9/30/99 | Visit ē Dr. Bean:    Wgt 283    BP - see flow 9/99 | |
| | 1 - recheck for BP | |
| | 2 - needs slip for Bloodwork | |
| | 3 - Med refills - Elavil, Atenolol, Zestril (Samples) | |
| | Estrace | |
| ē from Elle | 4 - Check rash on chin | |
| | | Patricia Knepp R |

Comes for refill on med. and discuss wt loss options.    She has been trying a diet but not exercising.
Continues to take med. Tried to make an appt with dietician/nutritional services which was cancelled and
she did not reschedule but was mailed a letter. Difficult for her to get here during the day.  Had been asked
to get slip for blood work but lost the slip.   Has not gotten mammogram as recommended. Denies other
complaints.
O
AAO, NAD. Heart regular, no ectopy or murmur.  Lungs clear to ausc bilat.  Abd obese, soft, nontender, +
bowel sounds.  Ext minimal l+ edema noted, nonpitting.  When she is asked, she reports DOE for which is
long standing.  Given slip for treadmill which she never got.  Denies chest pain but light of symptoms, she
is agreeing to have this performed.  Denies N/V or sweats, arm pain, chest pain.
A
Obesity
P
Given info about obesity clinic and instructed if she is not able to come due to being in the afternoon, attempt
to get off work and will give medical slip if needed.   If still unable, would provide a packet of info to her.
She would potentially be a candidate for MERIDIA or XENICAL but these are not covered under her
insurance plan.  Encouraged life style modification, diet and exercise and will work with her for the next 2
weeks.
#2 DOE
In light of multiple risk factors for coronary disease, schedule cardiolite treadmill test and slip provided as
well as checking chol and hepatic panel.
   ˙  Check thyroid level
#2  Chol, hepatic panel, CBC and CMP.
# Depression
Given refill for ELAVIL, stable, refill provided for ESTRACE, ALLEGRA and ATENOLOL.  Given 2
months of samples of ZESTRIL 10mg for which she is to take 1 q.d.  BP is unchanged from previous.
Dr. Bean
/tm

United
Health Services
Hospitals

FAMILY PRACTICE CENTER

**PROGRESS RECORD**    2-4-42

| DATE PROBLEM AP | NOTE | NAME Croft Carolyn |
|---|---|---|
| 2-6-99 | Ret c Dr Kowalchyk 271# 138/90 | |

Rash on face 6-8 weeks itching burning

Atenadol 50
Zenderil 50
Paxil 30 mg
Clavie 50 mg
Eskace 1 mg

Carmen Mills

2744 (Rev. 3/98)

United Health Services Hospitals

FAMILY PRACTICE CENTER

## PROGRESS RECORD

| DATE PROBLEM SOAP | NOTE | NAME |
|---|---|---|

Craft, Carolyn    4127865
100699

57 y.o. white female pt of Dr. Bean. Comes for rash on the face for 6-8 weeks. At that time she noted erythema on the right side of the chin and some bumps, became itchy. After a period of time spread to either side of the chin, in the nasolabial folds and expanding. Arthritis in the left knee and hip had improved with CELEBREX Rx, would like more refills.

O

Rash on the face is erythematous, elevated plaque, not blanchable. Borders were discrete but was not symmetrical. No central clearing. No flaking of skin present. Had not applied any med to the rash. Neck no lymphadenopathy. Heart RRR without murmur. Chest clear to ausc bilat. abd obese, soft, nontender and ext no pitting edema.

A

Dermatitis v.s. fungal rash

P

Has had dermatitis in the past on the legs and etiology was never determined. Considering she had no exposure to new make-up, foods or drugs, new soap or shampoo, cannot identify any contact agent. Because lesions are on the face, refer to derm, Dr. Stevenson at UMA.

A

Arthritis left knee and hip

P

Continue CELEBREX 200mg P.O. q.d. #28 samples given.

/3 HTN

BP 138/90, continue current regimen.

Precepted with Dr. Lynch

Dr. Kowalchyk

/tm

KK.

1-15-99  Rev c Dr Barratt  273#  98.0  164/96

1. Sinus congestion x 3 d. Wheezing + tightness in chest.

2. Refill of Elavil 50 mg.    Carmen Mill

2744 (Rev. 3/98)

United
Health Services
Hospitals

FAMILY PRACTICE CENTER
**PROGRESS RECORD**

| DATE PROBLEM | NOTE | NAME |
|---|---|---|

Croft, Carolyn
111599
57 y.o. female pt of Dr. Bean presents with C/O sinus congestion and refill on ELAVIL. For a week she had cold like symptoms with runny nose and some congestion, approx 3 days ago had fullness feeling in her head and not so much of the runny nose, more congestion with drainage down the back of her throat. Late in the evening about the time she goes to bed she has been wheezing and had some tightness in her chest. Doing a lot of coughing. Boss had pneumonia 3 weeks ago.
O
v.s. as above. HEENT TMs visualized, no erythema or discharge. Nose erythema and some slight clear discharge noted. Mouth dentition in adequate repair, posterior pharynx shows cobblestoning. Voice is somewhat raspy. Neck no lymphadenopathy. Heart RRR without murmur. Lungs have coarse breath sounds with occasional expiratory wheeze.
A
Viral URI
P
Instructed to use NASAL SALINE to help flush out the area as much as she needed to. Rx for NASALCORT to help with the congestion and PROVENTIL MDI with spacer for the chest tightness and wheezing.
A
Depression
P
Refilled ELAVIL
A
Hypertension
P
BP was slightly elevated today. Has not been that high in the past. She has an appt with Dr. Bean in approx 1 week for recheck and he can address her BP issue if need be. At that time if symptoms of the URI is not much better, might consider antibiotic for sinus infection.
Dr. Barratt
/tm

1/4/00   *[handwritten]* Acute ____ Dr _____ Wt 273  T     BP.
         Cough & nasal drainage x 3 days, general malaise.
         _____ _____                                      M Rachael

**Exhibit**

**D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

Index No. 762000/06

Hon. Sirley W. Kornreich

-----------------------------------------------------------------

THIS DOCUMENT APPLIES ONLY TO CASES
LISTED IN APPENDIX A TO MOVING PAPERS
(RE: COMPLIANCE MOTION NO. 2)

**ATTORNEY AFFIRMATION**

-----------------------------------------------------------------

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF BROOME     )

RONALD R. BENJAMIN, an attorney duly admitted to practice law before the courts of

the State of New York, hereby affirms under penalties of perjury, except as to matters stated

upon information and belief, as follows:

1.  I am the attorney for certain plaintiffs as identified and listed in Appendix A to the

Compliance Motion No. 2 of defendants Pfizer Inc., Pharmacia Corporation, and G. D. Searle,

LLC (collective "Pfizer defendants"), seeking to dismiss their claims against the Pfizer

defendants with prejudice for failing to comply with Case Management Order No. 6 and the

Order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), on

November 5, 2007.

2.  This affirmation supports opposition to the motion as well as the plaintiffs' cross-

motion for an extension of time of sixty (60) days to comply with the requirements set forth the

aforesaid orders on which the motion is based.

3.  As this Court is no doubt aware, approximately two weeks after Mag. Smith entered

the aforesaid order, the Honorable Charles R. Breyer, United States District Judge presiding over MDL No. 1699, entered a lengthy opinion dated November 19, 2007, in which he held:

> After carefully considering the parties' memoranda and evidence, and the testimony offered at the hearing, the Court concludes that plaintiffs have not presented scientifically reliable evidence that Celebrex causes heart attacks or strokes when ingested at the 200 milligram a day dose.

In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, 2007 U.S. Dist. LEXIS 85382, at *40 (N.D.Cal. 2007).

4. Moreover, in the interim, the Honorable Eldon Fallon, presiding over the Vioxx MDL No. 1657, entered Pre-Trial Order No. 28, which announced a Master Settlement Agreement and imposed extensive requirements that were intended to and do affect the claims of plaintiffs with Vioxx claims pending in this Court. *See PTO 28 annexed as **Exhibit A**.*

5. Undersigned counsel is listed as representing twenty-one of the plaintiffs in Appendix A to the Pfizer defendant's motion, and also represents other plaintiffs before this Court who are not the subject of the motion.

6. As a result of Judge Breyer's decision and the overlapping events that have clearly raised significant issues as to the likelihood of success of each of the plaintiff's claims, your affiant has had to devote considerable time and effort to evaluate the individual claims of the plaintiffs he represents in the three different forums, and whether the claims of certain of the plaintiffs in this Court should be discontinued as a result of the impact of Judge Breyer's decision, thus obviating the necessity for compliance with CMO No. 6 or Magistrate Fern's order which was issued prior to Judge Breyer's decision and PTO 28 in the Vioxx MDL.

7. It is respectfully submitted that counsel should be afforded additional time to coordinate the effort to identify claims that should be discontinued, and to advise those plaintiffs

of the advice that they discontinue their claims, as well as to determine which plaintiff's claims, if any, should not be discontinued.

8. At this juncture, I can represent that I am ready to recommend discontinuance to a majority of the plaintiffs who are listed in Appendix A, but require additional time to handle this effort in a meaningful manner to preserve meritorious claims.

9. In according to this rules, I attempted to contact counsel for the Pfizer defendants, Christopher Strongosky, Esq., regarding this cross-motion and was advised he was not available today, and I have not received a return call from any attorney in his office.

10. It is respectfully submitted that the Pfizer defendants will be not prejudiced by the extension of time requested herein, particularly in light of the matters mentioned above.

WHEREFORE, it is respectfully submitted that this Court should deny Compliance Motion No. 2 as to the plaintiffs represented by the Law Office of Ronald R. Benjamin who are listed in Appendix A, or, in the alternative, should enter a conditional order granting the plaintiffs represented by the Law Office of Ronald R. Benjamin an extension of time, to and including sixty (60) days after the March 6, 2008 return date, and such other and further relief as the Court deems just and proper.

Dated: February 25, 2008
       Binghamton, New York

Ronald R. Benjamin
LAW OFFICE OF RONALD R. BENJAMIN
Attorneys for Certain Plaintiffs in Appendix A
126 Riverside Drive, P. O. Box 607
Binghamton, NY 13902-0607
607/772-1442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CAROLYN S. CROFT,

                                    Plaintiff,

        -vs-                                                    Case No.08-Civ-3078

MERCK & CO., INC.,

                                    Defendant.
-------------------------------------------------------

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION, AND IN SUPPORT OF THE CROSS-MOTION PURSUANT TO 28 U.S.C. 1447(c) TO REMAND THE INSTANT CASE TO THE NEW YORK STATE SUPREME COURT, NEW YORK COUNTYFROM WHICH IT WAS REMOVED

This memorandum of law is submitted in opposition to defendant Merk & Co.'s motion to

stay all proceedings pending a decision by the Judicial Panel on Multi-District Litigation, and further

supports plaintiff's cross- motion to remand this action pursuant to 28 U.S.C. 1447(c) back to the

New York State Supreme Court for the County of New York from which it was improperly removed

by defendant Merck & Co., Inc., on the grounds of alleged fraudulent joinder.   Plaintiff respectfully

submits that, because the removal to this Court is based solely on diversity jurisdiction, the cross-

motion is dispositive as to the Court's lack of jurisdiction, and, therefore, it is proper to consider and

grant this cross-motion despite the removing defendant's intention to seek transfer to multi-district

litigation regarding its product.


## STATEMENT OF FACTS

Plaintiff was originally named in the caption of a multi-plaintiff action filed on May 4, 2005,  in

the Supreme Court of the State of New York for the County of New York, entitled <u>Helen Bilik, Elizabeth</u>

Boone, Mary J. Mahar, Carolyn S. Croft, Gerald M. Alapeck, Dean Santacrose, and Stasia Simmons v. Pfizer, Inc., Pharmacia Corporation, a wholly-owned subisidiary of Pfizer, Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Index No. 106237/05, as confirmed by Merck's Acknowledgment of Service. *See Exhibit A to Attorney Affirmation of Ronald R. Benjamin ("Benjamin Aff.").*   By Administrative Order dated April 14, 2006, all cases seeking damages for ingestion of Bextra, Celebrex and Vioxx, whether alone or in combination, were assigned to the Hon. Shirley W. Kornreich for the purpose of coordination for all purposes.   *See Administrative Order, annexed as last document in Merck's Ex.4., at page 1.*   Thereafter, plaintiffs in multi-plaintiff complaint captions were required to file separate actions, and plaintiff commenced a separate action by filing of the complaint with the New York Supreme Court for the County of New York on August 11, 2006. *See Complaint annexed as Exhibit 1 to Notice of Removal.* As Merck appears to concede in its moving papers, it did not seek to remove the original complaint on fraudulent joinder grounds during the one-year period after it was filed, nor the separate complaint for the one-year period after it was filed.

On its face, the complaint alleges product liability and fraud claims against defendant Merck & Co., as well as Pfizer, Inc., arising out of the plaintiff's ingestion of their respective drugs Vioxx and Celebrex. *Id., at paras. 15-16.*   It is clear from the complaint that plaintiff alleged indivisible injury based on the same personal injury risks posed by these two drugs. Defendant Merck has been provided with signed authorizations permitting it to obtain plaintiff's pharmaceutical records, and has not supported its motion with any evidence plaintiff did not, in fact, ingest Pfizer's drug as well as Merck's.

On the face of the original multi-plaintiff complaint and the instant complaint, it is clear plaintiff did not sue any physician, salesman distributor or fictitious John Doe; rather, they confirm she sued only the manufacturers of the two Cox-II inhibitor drugs she ingested, one of which was manufactured and

marketed by Merck's competitor, Pfizer  The complaint alleged both the plaintiff and defendant Pfizer

are citizens of the State of New York, inasmuch as they both reside in the State of New York *(Notice*

*of Removal, at para. 5),* and defendant's removal papers do not in any respect indicate there is any

evidence that defendant Pfizer is not a citizen of New York State as alleged in the complaint at the time

of filing. Instead, defendant Merck appears to concede that, absent the alleged fraudulent joinder,

diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed.

Plaintiff turns to the facts alleged that provide the basis for the claims against Pfizer.  The

complaint alleges that paintiff "ingested the drug Celebrex in or about 1999 to 2000, as directed by

her physicians and in accordance with the respective manufacturer's instructions." *Merck Ex. 1,*

*Complaint, at para. 16.*  The ingestion of Celebrex at the 200 mg daily dose in 1999 to 2000 is

documented in medical records. *See Ex. C to Benjamin Aff.*

Merck is fully aware there is ongoing nationwide litigation against the Pfizer defendants, as

well as multidistrict litigation, and that on November 19, 2007, the Honorable Charles R. Breyer

issued an opinion holding that the "plaintiffs have not presented scientifically reliable evidence that

Celebrex causes heart attacks or strokes when ingested at the 200 milligram a day dose." IN RE:

BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY

LITIGATION (MDL No. 1699), 524 F. Supp. 2d 1166, 1169, 2007 U.S. Dist. LEXIS 85382 at *40

(N.D.CA 2007).

Judge Breyer's order came within days after the Compliance Motion Order entered by Special

Master Fern M. Smith, which required expedited compliance with discovery requirements of Case

Management Order No. 6 within 21 days. *See Merck's Ex. 4 annexed to the Notice of Removal.*

However, Judge Breyer's decision intervened and clearly impacted the viability of the plaintiff's

claims based on her ingestion of Celebrex.  Indeed, thereafter, Pfizer filed a motion for failure to

comply with Judge Smith's expedited order.   On February 25, 2008, ounsel for plaintiff filed a cross-motion for an extension of time based on the fact that "Judge Breyer's decision and the overlapping events...have clearly raised significant issues as to the likelihood of success of each of the plaintiff's claims [based on Celebrex]" which required him to evaluate the individual claims and identify claims that should be discontinued and advise the plaintiffs of the same.   *See Ex. D to Benjamin Aff., Attorney Affirmation, at paras. 6-7.*   Thereafter, on March 5, 2008, plaintiff's counsel signed the Stipulation of Dismissal with Prejudice Against Pfizer Defendants. *See Ex. 2 to Notice of Remand.*

## ARGUMENT

### The Removing Defendant Has  Failed to Meet its Burden to Show  Entitlement  to  Removal Based on the Matters Alleged with Regard  to Purported  Fraudulent Joinder With Respect to the Claims Against  Pfizer Within the First Year After the Complaint Was Filed, And Is Not  Entitled to a Stay and Granting the Cross-Motion to RemandWould  Properly Divest the Federal Courts of Jurisdiction to Transfer to the MDL.

Defendant Merck concedes that its notice of removal does not meet the time limitations in the rules, and seeks to place the blame for the same on the plaintiff.   In response, plaintiff respectfully submits that, as the removing party, defendant Merck has "the burden of establishing that Pfizer is a nominal party and any doubts are to be resolved in favor of remand", since its notice of removal is tantamount to a claim that Pfizer was "joined for the sole purpose of destroying diversity." Marun Fashion and Sportswear, Inc., v. The Gillman Knitwear Co., 1992 U.S. Dist. LEXIS 6298, at *1-2 (SDNY May 4, 1992).   Indeed, it is respectfully submitted the law is  well settled that:

> "Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." *Curtin v. Port Auth. of New York, 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002)*; accord *Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)*; *Stamm v. Barclays Bank, 1996 U.S. Dist. LEXIS 15781, No. 96 Civ. 5158 (SAS), 1996 WL 614087, at *1 (S.D.N.Y. Oct. 24, 1996)*; see *Gilman v. BHC*

-4-

*Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997).* The removing party has the burden of demonstrating that federal jurisdiction exists. *Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994); Curtin, 183 F. Supp. 2d at 667.*

Rubin v. Mastercard International, LLC, 2004 U.S. Dist. LEXIS 20528, at *3 (SDNY Oct. 14, 2004).

Removing defendant Merck has failed to demonstrate that plaintiff has not pled a cause of action against Pfizer. Merck, as the removing defendant, has not adduced any facts showing that the medical literature raised no concerns as to the cardiovascular risks of Vioxx and Celebrex prior to plaintiff's ingestion thereof. The safety and risks of Vioxx, Celebrex and Bextra, all of which are selective cyclooxygenase 2 (COX-2) inhibitors, has been a matter of debate and ongoing study throughout the instant litigation. This is clearly confirmed by Judge Breyer's *Daubert* decision issued November 19, 2007.

In this case, the reason that Pfizer was stipulated out of the case was the ruling on expert testimony concerning 200 mg dose of Celebrex. Plaintiff's complaints against Pfizer and Merck have been pending for almost three years, which, plaintiff submits, supports remand in that more than a full year passed after plaintiff filed the separate action that was required by the New York court. The length of time these product liability claims have been pending evinces there was no fraudulent joinder despite the evolution of the litigation and the later events caused by Judge Breyer's decision.

Finally, plaintiffs respectfully submit that this Court should grant the instant motion for remand particularly in light of the possible transfer to the Vioxx MDL No. 1657 as suggested by defendant Merck in its motion, since "judicial efficiency and economy are better served by this Court considering, *before the case is transferred to the MDL Court*, the Motion to Remand." Barragan v. Warner-Lambert Co., 216 F.Supp.2d 627,630, 2002 U.S.Dist. LEXIS 16443, at *5 (WD Tex. 2002) [emphasis added]. "This Court, as transferor Court, retains exclusive jurisdiction until the *§ 1407* transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to

transfer." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1189 (N.D.Cal. 1997).*

There is a clear indication in the Judicial Panel's Rules of Procedure that:

> the pendency of a motion, order to show cause, conditional transfer order or conditional
> remand order before the Panel concerning transfer or remand of an action pursuant to *28
> U.S.C. §1407* does not affect or suspend orders and pretrial proceedings in the district court
> in which the action is pending and does not in any way limit the pretrial jurisdiction of that
> court.

*R. P. JPML 1.5* (2001).   Moreover:

> When notified of the filing of a motion for transfer, therefore, matters such as motions to
> dismiss or to remand, raising issues unique to the particular case, may be particularly
> appropriate for resolution  before the Panel acts on the motion to transfer. The Panel has
> sometimes delayed ruling on transfer to permit the court in which the case is pending to
> decide critical, fully briefed and argued motions.

*Manual for Complex Litigation,* § 20.132, at 220-221 (4th Ed.) (emphasis added).

## CONCLUSION

In view of the aforesaid matters, it is respectfully requested that the defendant's motion for a

stay of these proceeding should be DENIED, and plaintiff's cross-motion to remand this action to the

New York State Court in New York should be GRANTED.

Dated:    April 10, 2008
          Binghamton, New York

RONALD R. BENJAMIN    Fed. Bar No. 101131.
LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442